

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 11, 1972

Hon. Clayton T. Garrison          Opinion No. M- 1210
Executive Director
Texas Parks & Wildlife Dept.      Re: Public's right to fish
John H. Reagan Bldg.                  in newly created water-
Austin, Texas 78701                   ways along the Texas
                                      Coast, and related
Dear Mr. Garrison:                    questions?

        In your request for an opinion concerning the above matter,
your letter states the following;

> "Article 4026, Texas Civil Statutes reads:
>
>> All aquatic animal life contained in
>> public rivers, lagoons, bayous, lakes,
>> creeks, bays and inlets in this state
>> and all that part of the Gulf of Mexico
>> within the jurisdiction of this state
>> are considered to be the property of
>> the State of Texas. . .
>
> "The rapid growth of private developments adjacent
> to the Texas coast has raised a number of questions
> as to the Department's jurisdiction and responsi-
> bilities in these areas. One hazy area involves
> the dredging of canals from our bays into private
> property where summer homes are built on the im-
> proved elevated lots. These canals are affected
> by the ebb and flow of the tides once constructed.
> During severe cold spells trout and redfish seek
> deeper warm water offered by the canals and boat
> basins. Many of the private developments join
> bays closed to seines and nets by state law. If
> the canals are not subject to game and fish regu-
> lations, large numbers of fish that are the property
> of the State of Texas and utilize these areas could
> be harvested by seines or nets, and these actions
> would appear to circumvent the intent of the sta-
> tutes. With these facts in mind, please consider
> the following questions.

Question No. 1

"Under the situation as stated above, should the fish in these canals be considered state property as defined by Article 4026, Texas Civil Statutes and under the jurisdiction of the Parks and Wildlife Department?

Question No. 2

"Do the state fishing and water safety laws apply in the waters of these canals?

Question No. 3

"If you find that the fish in these canals are public property, would a member of the public be in violation of Article 1377b, Texas Penal Code (Trespass Law), by fishing or boating therein?

The Legislature has declared by statute that the waters of every Texas flowing river or natural stream and of all lakes bays or arms of the Gulf of Mexico are the property of the State. Section 5.021(a), Texas Water Code.

The Legislature, in enacting Article 4026, Vernon's Civil Statutes, has provided that all the fish and other aquatic animal life contained in the fresh water, rivers, creeks, etc. of the State are the property of the people of the state; that all of the public rivers, bayous, lakes, etc. in the state, together with their beds and all the products thereof, shall continue and remain the property of the State of Texas, and that, insofar as the use of such water and beds shall relate to the taking or conservation of fish, oyster, etc., they shall be under the control of the Game, Fish and Oyster Commission, now represented by the Parks and Wildlife Department. (See Art. 978f 3a, V.P.C.) Diversion Lake Club v. Heath, 86 S.W.2d 441 (Tex.Sup. 1935). So long as not reduced to possession, the ownership of water and fish are held to be in trust for the people of the state. Dodgen v. Depuglio, 146 Tex. 538, 209 S.W. 2d 588 (1948); Goldsmith Powell v. State, 159 S.W.2d 534 (Tex. Civ.App. 1942, error ref.); 36A C.J.S. 499, Fish, Sec. 2.

Therefore, the state has the widest powers over the taking and handling of fish within its borders. Gulf Fisheries Co. v. Darrouzet, 17 F.2d 374 (S.D. Tex. 1926), and the power of the state to regulate and control the taking of fish has been said to be absolute. Sterret v. Gibson, 168 S.W. 16 (Tex.Civ.App. 1914, no writ); Poon v. Miller, 234 S.W. 573 (Tex.Civ.App. 1921, no writ); 36A C.J.S. 535, Fish, Sec. 26a.

However, generally speaking, private waters are not subject to the regulatory powers of the state. The term "private" is not self-explanatory and the question of what are "private" and "public" waters for the purpose of application of the Fish and Game regulatory statutes may present questions for decision from time to time.

The Courts generally recognize that a body of water is not private so as to be exempted from regulation merely because the soil underneath the water is privately owned or because it is surrounded by land privately owned. The main test appears to be whether the body of water involved is connected either continuously or at intervals with other bodies of water so as to permit the fish to move to and from the two places, or whether the body of water is entirely isolated. Thus, if connected with other waters at all times or at intervals, the courts have maintained in most cases that the public has an interest in the fish therein and therefore the state statutes regulating the time and manner of fishing in waters within the state will apply to those bodies of water. Article 4026, V.C.S.; Taylor Fishing Club v. Hammett, 88 S.W.2d 127 (Tex.Civ.App. 1935 error dism.); 15 A.L.R. 2d 754, Fish and Fisheries, §9 (1949).

In view of the fact situation stated in your letter, that once constructed, the newly created canals or waterways are effected by the ebb and flow of the tides, and that they are continuously connected with the tidal waters on the Coast of Texas, so as to permit fish to move to and from these waters, it is our opinion that the water and fish in these canals or waterways are property of the state as defined by Section 5.021 (a), Texas Water Code, and Article 4026, and therefore are under the jurisdiction, regulation, and control of the Parks and Wildlife Department. Article 978f-3a, V.P.C.

This authority also extends to the regulation of water safety provided for in Article 1722(a), Vernon's Penal Code,

in that the act clearly authorizes the Parks and Wildlife Department to control water safety on all public waters within the territorial limits of the state.

Your third question, whether a member of the public would be in violation of the trespass law of the state, Article 1377 (b), Texas Penal Code, by fishing and boating therein, will now be considered.

As noted above, the public has the general right to fish in public streams and waters subject to regulations imposed by the state. 25 Tex.Jur. 2d 374, Fish and Fisheries, Sec. 1. However, the right of fishing in public or in navigable waters in Texas does not permit a trespass on the lands of another. Diversion Lake Club v. Heath, supra; Reed v. State, 175 S.W.2d 473 (Tex.Civ.App. 1943, no writ). Furthermore, the Legislature is without power to confer on anyone the right to go on the lands of another to catch fish in waters thereon. Smith v. Godart, 295 S.W.2d 211 (Tex.Civ.App. 1927, no writ). The public has no right to enter on the private property of another for the purpose of catching fish, although the fish until caught may belong to the public and be subject to regulation by the state. Taylor Fishing Club v. Hammett, supra.

We will assume from the fact situation in your letter that the public, in asserting a right to fish, has access to these canals or waterways without trespass on adjoining lands, and that the issue to be decided is whether the owner of the fee in the soil not covered by public waters at the time of its original grant but which subsequently becomes submerged and subject to the ebb and flow of the tides making it part of the navigable waters of the state, is entitled to the exclusive enjoyment of all the rights incident to ownership, including the exclusive right of fishing in the waters covering his land.

In Diversion Lake Club v. Heath, 126 Tex. 129, 86 S.W.2d 441 (1935), 47 A.L.R.2d 399, the Supreme Court held that the right of fishery follows ownership of the bed of streams, and since the stream there in question was owned by the state, the public had the right of fishery therein. This case establishes the proposition that the public has the legal right to fish in public waters over private lands. The courts of a number of other states have reached similar holdings. See Annotation in

57 A.L.R.2d 573, et seq.   In our view, the law is now settled on this point, and the Court of Civil Appeals holding in <u>Fisher v. Barber</u>, 21 S.W.2d 569 (Tex.Civ.App. 1929, no writ), to the extent that it may conflict, is no longer the law.

The water that fills these newly created canals and waterways and the aquatic life contained therein originates from the public waters of the bays, inlets, and arms, of the Gulf of Mexico, and the lands and bottoms underlying the bays and other areas along the Gulf of Mexico within the tide water lands are property of the State of Texas.   Article 4026; <u>Butler v. Sadler</u>, 399 S.W.2d 411 (Tex.Civ.App. 1966, error ref., n.r.e.)

Therefore, assuming that the public has access to these canals and waterways without trespassing on adjoining lands, it is our opinion that the public's right of fishing and boating extends to these newly created canals or navigable waterways and in exercising the right the public will commit no trespass.

However, the provisions of Article 1377b, Texas Penal Code, are applicable regarding the privately owned banks.   See the <u>Diversion Lake</u> case, p. 447.

## S U M M A R Y

The water and fish in the newly created canals or waterways, created by dredging from state bays into and over private property, are property of the State as defined by Section 5.021(a), Texas Water Code, and Article 4026, Vernon's Civil Statutes, and therefore are under the jurisdiction, regulation, and control of the Parks and Wildlife Department. Article 978f-3a, Vernon's Penal Code.

This authority extends to the regulation of water safety provided for in Article 1722 (a), Vernon's Penal Code, in that the act authorizes the Parks and Wildlife Department to control water safety on all public waters within the territorial limits of the state.

Assuming that the public has access to these newly created canals and waterways

without trespassing on adjoining lands, the public right of fishing and boating extends to the newly created canals or navigable waterways and in exercising the right the public will commit no trespass.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Guy C. Fisher
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Vince Taylor
Houghton Brownlee
Bill Campbell
Jay Floyd

SAMUEL D. MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant